IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL E. SULLIVAN, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-0595 |
| SHERIFF MICHAEL EVANS, | * | |
| Defendant | * | |

## MEMORANDUM

*I. Background*

As alleged in the complaint, Michael E. Sullivan ("Plaintiff") began working as a special deputy sheriff in Calvert County, Maryland, in July, 1999. (Am. Compl. ¶¶ 4-5, ECF No. 15.) In July, 2000, Plaintiff executed an employment agreement with the Calvert County Sheriff's Office providing that the agreement should be considered renewed for regular periods of 52 weeks so long as neither party submitted a notice of termination. (*Id.* ¶ 7.) In 2003, Plaintiff began working under Sheriff Michael Evans ("Defendant"). (*Id.* ¶ 8.) On May 10, 2011, Defendant informed Plaintiff that Plaintiff's contract would not be renewed because Plaintiff "had several medical issues, this guy [Plaintiff's replacement] is younger, you're an older guy." (*Id.* ¶¶ 8-9.) Plaintiff's employment contract was terminated on June 30, 2011. (*Id.* ¶ 11.)

Plaintiff timely filed claims of discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. (*Id.* ¶¶ 12, 14.) In the instant case, Plaintiff has sued Defendant personally, pursuant to 42 U.S.C. § 1983, seeking reinstatement to his former position

1

as a deputy. (*Id.* ¶¶ 20-25.) Defendant has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted (ECF No. 18), arguing that Plaintiff has raised a claim against Defendant in his "official capacity," which is barred by sovereign immunity under the Eleventh Amendment. (Def.'s Mot. Dismiss 4, ECF No. 18-1.) The Court has considered the motion, Plaintiff's response in opposition (ECF No. 19), and Defendant's reply thereto (ECF No. 20). No hearing is necessary, Local Rule 105.6 (D. Md. 2011). The motion will be GRANTED.

## II. *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

*III. Analysis*

The present motion turns on the distinction between a personal-capacity suit and an official-capacity suit, as Plaintiff's amended complaint and opposition make abundantly clear that "Plaintiff has brought an action against [Defendant] *in his personal capacity only.*" (Pl.'s Opp'n 2-3, ECF No. 19.)

Section 1983, Title 42, United States Code, states that "[e]very *person*" who under color of state law "subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress …" (emphasis added). In *Will v. Michigan Dep't of State Police*, the Supreme Court instructed that § 1983 does not override the well-established principle that states are entitled to sovereign immunity under the Eleventh Amendment. 491 U.S. 58, 70 (1989). States, therefore, as well as state officers acting in their official capacities as state officers, are not "persons" within the meaning of § 1983 and cannot be sued for damages under that statute. *Id.* at 70-71. *See also Hafer v. Melo*, 502 U.S. 21, 26 (1991). It is similarly well established, however, that state officers sued in their "personal capacity" are not entitled to sovereign immunity under the Eleventh Amendment for actions taken under color of state law. *Melo*, 502 U.S. at 30-31; *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). In *Melo*, the Supreme Court clarified that *Will* should be read to allow state officers to be sued personally for actions taken in their official capacity; the distinction between personal-capacity and official-capacity suits is "best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." 502 U.S. at 26, 31. Personal-capacity suits seek to impose personal liability upon state officers for actions taken under color of state law. *Graham*, 473

U.S. at 165-66 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 237-38 (1974)).  Conversely, official-capacity suits "'generally represent only another way of pleading an action against an entity of which the officer is an agent.'"  *Id.* (quoting *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)).

Plaintiff's amended complaint and opposition make absolutely clear that "Plaintiff has brought an action against [Defendant] *in his personal capacity only.*"  (Pl.'s Opp'n 2-3, ECF No. 19.)  Personal-capacity suits, however, seek to impose individual liability on state officers for actions taken under color of state law; in other words, such actions seek money damages from the officer's own pocket.  *See Graham*, 473 U.S. at 166.  Here, Plaintiff seeks the injunctive remedy of reinstatement to his former position as a deputy.  Such a remedy is not the sort that may flow from Defendant's personal liability for depriving Plaintiff of the benefits of state employment.  Certainly, under *Melo*, Defendant may not hide behind the official nature of his action if sued in his personal capacity by Plaintiff.  Yet, Defendant could only comply with the injunctive remedy sought here, reinstatement, in his *official capacity* as Calvert County Sheriff, not as an individual.  After all, the injunction would restore Plaintiff to his status as an employee of the Calvert County Sheriff's Office, not an employee of Defendant personally.  Accordingly, the present case is properly viewed as an alternative way of "'pleading an action against an entity of which the officer is an agent,'" and therefore, where such an avenue is open to him, Plaintiff would need to sue Defendant in his official capacity as Calvert County Sheriff in order to obtain the relief requested.  *See Graham*, 473 U.S. at 165-66.  For the foregoing reasons, the Court cannot award the relief sought (reinstatement) against "[Defendant] *in his personal capacity only*" and dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate.

Finally, the Court notes that it need not consider the potential application of the well-settled rule of *Ex parte Young*. That rule holds that state officers may be sued in their official capacity for prospective injunctive relief. *See Will*, 491 U.S. at 71 n.10 (citing *Graham*, 473 U.S. at 167 n.14; *Ex parte Young*, 209 U.S. 123, 159-60 (1908)). Plaintiff's amended complaint and opposition are adamant that "Plaintiff has brought an action against [Defendant] *in his personal capacity only*." (Pl.'s Opp'n 2-3, ECF No. 19.)

## IV. Conclusion

Accordingly, an order shall issue GRANTING Defendant's Motion to Dismiss (ECF No. 18), DISMISSING Plaintiff's claims, and CLOSING this case.

DATED this 4th day of December, 2013.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge
